### WOODWARD, Plaintiff-Appellee, v. GLASER, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2075. Decided January 7, 1950.

C. W. Magsig, Dayton, for plaintiff-appellee.

Nicholas F. Nolan, Mathias H. Heck, Dayton, for defendant-appellant.

## OPINION

By HORNBECK, J:

This is a law appeal from a judgment of the Common Pleas Court in favor of plaintiff and against the defendant for $5,000.

The action was for damages for the breach of a written contract wherein it was averred defendant agreed to sell to the plaintiff all of the assets of Good Health Bakery, Dayton, Ohio, which included the real estate where the business was operated and the personal property, together with several down-town stands which, it was asserted, were worth $5,000. Defendant answered admitting the signing of a tentative conditional contract prepared by and presented to her by plaintiff and alleged that the contract was not to be final until it was approved by and to the full satisfaction of the husband of the defendant. It is further averred that the husband did not agree, consent to, or approve, the tentative contract or the terms thereof. The reply was a general denial of the new matter in the answer.

The cause went to trial to judge and jury resulting in a verdict for the plaintiff in the sum of $5,000 upon which judgment was entered. Motions for new trial and for judgment veredicto non obstante were overruled.

In the assignments of error three errors are assigned.

(1) In overruling defendant-appellant's motion for a new trial and motion for judgment notwithstanding the verdict.

(2) Said judgment is contrary to law.

(3) Other errors apparent on the face of the record.

In defendant-appellant's brief, under different headings, five assignments are set out.

(1 and 2) In permitting the jury to determine whether or not there was a contract between the parties.

(3) In charging the jury the law of implied contract and oral contract because neither was involved, the plaintiff suing upon a written contract.

(4) In admitting testimony as to an implied contract.

(5) A substantial reiteration of 1 and 2 assignments.

There is no doubt that there was a written contract between the parties; however, it was not complete in all of its terms and required oral testimony to clarify it. The infirmity in this judgment is found in the effect given the proof offered by the parties rather than in the admission of oral testimony respecting the contract, or in the charge of the court, with the one exception, which we hereafter consider.

Appellant's brief suggests that the court erred in refusing

to give the following special charge before argument at the request of defendant:

"I charge you, members of the jury, that it is the law of this state that if you should find by a preponderance of the evidence that a contract exists, that same must be construed strictly against the person who prepared it, and favorably to the person who had no voice in the selection of the language; further, it is presumed that one using words, uses those most favorable to his interest and therefore, all doubtful terms or ambiguous words are to be construed against him."

This charge should have been given if the plaintiff had made a case for the jury. **Stone v. Rockefeller, 29 Oh St 625; Monnett v. Monnett, 46 Oh St 30; Chesrown v. Bevier, 101 Oh St 282; Fire Assn. of Philadelphia v. Agresta, 115 Oh St 426.**

It is urged that because there was testimony to the effect that both parties arranged with the individual who prepared the contract to draft it, the charge is not proper. There is also testimony that the plaintiff alone made the arrangements for the drafting of the instrument. The charge, as framed, does not make any assumption fixing responsibility for preparing the contract, but leaves it to the jury and then defines the rule attending after the jury has so determined.

At the outset, it should be noted that the plaintiff sues and relies upon a written contract and must take it as he finds it in all particulars wherein it is definite.

The main issue between the parties is the meaning of the language "This tentative purchase agreement" as employed in the very first lines of the contract. The plaintiff's claim was that the tentative aspects of the contract had been eliminated before it was signed and that the defendant obligated herself to perform, unreservedly, the other provisions of the written agreement.

When the contract was signed, the emphasized part of parties had it under consideration, it contained the following:

"It is further agreed that should title to real estate not be clear, **nor it be impossible for purchaser to operate three market stands by reason of not being accepted as a tenant, this sale shall at his wish be voided, and all monies paid returned.**"

When the contract was signed, the emphasized part of the paragraph had been stricken with pen and ink. It is

that part of the agreement which plaintiff contends was tentative.

It was the contention of the defendant, as pleaded, that the purchase agreement was tentative in that it was to be effective only if, and when, agreed to by the husband of the defendant, whom it was claimed, owned a half interest in the bakery and the record disclosed, owned a half interest in the real estate claimed to be involved in the contract. It thus became a question of fact whether or not the defendant, under her tentative contract, was bound to convey, or to do all within her power to convey, the assets of the bakery. As reflecting upon this question the parties, very properly, were permitted to testify as to all the facts and circumstances surrounding the transaction.

It is the obligation of the court to construe and to charge the meaning of a contract when it is a matter of law only.

Where some of its terms are ambiguous as to the meaning of which reasonable minds may differ, to that extent, it is a question for the jury under proper instructions from the court. The **Storrs-Schaefer Co. v. Laws, 13 Oh Ap 387.**

The plaintiff at the inception of his case, and at all times, takes an inconsistent attitude as to the construction of the contract, upon which he relies.

The phrase, "tentative purchase agreement" being in the contract as sued upon, must be accepted and given meaning.

Its meaning not being elucidated in writing, testimony could be received as to circumstances attending and contemporaneous with the signing of the agreement to enable the jury to determine its true interpretation. In other words, in what particular or particulars is the contract tentative?

The claim of the defendant and the testimony supporting it met the requirement of proof to the effect that the tentative or conditional part of the contract was that it was not to be finally effective until agreed to by the husband of the defendant and further, that he at no time consented to the terms of the agreement as to the purchase price.

Webster's International Dictionary defines tentative "of the nature of an attempt, experiment, or hypothesis to which one is not finally committed * * *; offered or undertaken provisionally * * *. Synonym:—provisional. Antonym:—definite, final, conclusive."

The claim of the plaintiff is that the contract sued upon is final. This meaning of 'tentative" is the very antonym of the word and to permit such construction would be a violation of the rule that oral evidence may not be accepted to vary or contradict the terms of a written instrument. **Johnson v.**

Pierce, 16 Oh St 473; **Denton v. Whitney, 31 Oh St 89; Tuttle v. Burgett, Admr., 53 Oh St 498;** fourth Syl.; **Fidelity & C. Co. v. Hartzell Bros. Co., 109 Oh St 506.**

There is no prayer for reformation of the contract and yet it must be reformed if the word "tentative" is to be stricken and if the claim of the plaintiff is to be maintained.

The only explanation of the word "tentative," consistent with its meaning, comes from the testimony of the defendant. The plaintiff offers nothing to clarify its meaning but says that it has no meaning and does not belong in the contract. In the situation thus developed, the plaintiff has failed to maintain his burden of proof.

In the view which we take, we consider the law as announced in **McCarty v. Lingman, 111 Oh St 551.** If the defendant agreed unconditionally to transfer all of the assets of Good Health Bakery, she was bound to perform, if possible, whether or not she was the full owner of the assets of the bakery. If she could not, or would not perform, she was liable for damages resulting by reason of the breach of the contract. But her agreement was not unconditional and it becomes necessary to determine what the condition was. This cannot be met by the claim that there was no condition left in the contract when consummated.

The judgment must be reversed for failure to give the special charge which we have herein considered, and for failure to sustain the motion for new trial and defendant's motion for judgment notwithstanding the verdict. This motion is sustained and judgment is entered for the defendant and the cause remanded.

MILLER, PJ, and WISEMAN, J, concur.

## ON APPLICATION FOR REHEARING

No. 2075.  Decided February 8, 1950.

By THE COURT:

Appellee files and briefs his application for re-hearing.

At the present time our rules of practice make no provision for such application. However, we have carefully read counsel's brief and feel that we could not answer it more fully than we have in our former opinion to which we adhere.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.